DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Arnold Slone, appeals from the judgment of the Wadsworth Municipal Court. We affirm.
 {¶ 2} Mr. Slone was charged with driving under the influence, in violation of R.C. 4511.19(A)(1). Mr. Slone pled not guilty to the charge, and the matter proceeded to trial.
 {¶ 3} A jury found Mr. Slone guilty of the charge. The municipal court sentenced him accordingly. This appeal followed.
 {¶ 4} Mr. Slone timely appealed, asserting one assignment of error for review.
 ASSIGNMENT OF ERROR
"The evidence at trial was insufficient to support [Defendant's] conviction and that conviction was against the manifest weight of the evidence."
 {¶ 5} In his sole assignment of error, Mr. Slone asserts that his conviction for driving under the influence was not supported by sufficient evidence and was against the manifest weight of the evidence.
 {¶ 6} We observe, that, contrary to his assertion on appeal, Mr. Slone failed to renew his Crim.R. 29 motion for acquittal after presenting his defense. A defendant waives any error "in the overruling of the motion for judgment of acquittal by failing to renew her motion at the close of all the evidence" unless the case is tried to the bench. State v. Turner
(Aug. 23, 2000), 9th Dist. No. 19751, at 3, citing Dayton v. Rogers
(1979), 60 Ohio St.2d 162, 163. If a defendant fails to renew his motion for acquittal, he waives his right to rely upon the ruling on such motion, thereby failing to preserve the issue for appeal. Turner, at 3, citing State v. Childress (June 29, 1988), 9th Dist. No. 4320, at 3. Furthermore, "a defendant may not challenge the sufficiency of the evidence on appeal unless he moved for acquittal at trial." Turner, at 3-4, quoting State v. Liggins (Aug. 18, 1999), 9th Dist. No. 19362, at 3; State v. Roe (1989), 41 Ohio St.3d 18, 25.
 {¶ 7} Mr. Slone not only failed to renew his Crim.R. 29 motion for acquittal after presenting his defense, but also did not move for a judgment of acquittal under Crim.R. 29(C) after the jury returned a guilty verdict. Since Mr. Slone waived any objection under Crim.R. 29 to the sufficiency of the evidence, he may not challenge the sufficiency of the evidence on appeal. See Turner, at 4.
 {¶ 8} Thus, we proceed to determine solely whether Mr. Slone's conviction for driving under the influence is against the manifest weight of the evidence. When a defendant asserts his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
This discretionary power should only be invoked in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 9} Mr. Slone argues that the jury could not have found that he was operating the vehicle under the influence of alcohol. We note that in DUI prosecutions, the state is not required to establish that a defendant was actually impaired while driving, but rather, need only show an impaired driving ability. State v. Zentner, 9th Dist. No. 02CA0040, 2003-Ohio-2352, at ¶ 19, citing State v. Holland (Dec. 17, 1999), 11th Dist. No. 98-P-0066. "To prove impaired driving ability, the state can rely on physiological factors (e.g., odor of alcohol, glossy or bloodshot eyes, slurred speech, confused appearance) to demonstrate that a person's physical and mental ability to drive was impaired." Holland, at 14, citingState v. Richards (Oct. 15, 1999), 11th Dist. No. 98-P-0069, at 8-9. Furthermore, "`[v]irtually any lay witness, without special qualifications, may testify as to whether or not an individual is intoxicated.'" Zentner at ¶ 19, quoting State v. DeLong, 5th Dist. No. 02CA35, 2002-Ohio-5289, at ¶ 60.
 {¶ 10} The daughter of Mr. Slone's girlfriend, Carolyn Kloock, testified at trial that at approximately ten o'clock at night on May 22, 2004, Mr. Slone arrived at the girlfriend's son's house on Lodi Road in Harrisville Township, Ohio in Medina County. Mr. Slone did not get out of his vehicle. The girlfriend got into Mr. Slone's car, and as Mr. Slone was backing the car out of the driveway, he hit and knocked down a mailbox and post. As Mr. Slone was driving away, Carolyn phoned the Medina County Sheriff's office to report the incident.
 {¶ 11} State Trooper Jeffery Carpenter testified that he was dispatched to the residence on Lodi Road. Trooper Carpenter arrived at 10:54 p.m., and Carolyn informed him that Mr. Slone was driving and that he was "drunk." The trooper then followed Carolyn to Mr. Slone's residence. The trooper noticed Mr. Slone's car parked in the driveway. The car had damage on the rear bumper consistent with having hit the mailbox.
 {¶ 12} The trooper also noticed signs of alcohol impairment in Mr. Slone. Specifically, the trooper observed that Mr. Slone gave inappropriate responses to questions and had slurred speech; had a strong odor of an alcoholic beverage on his person; and had red, glassy, bloodshot eyes, and a red, flushed face. The trooper had Mr. Slone give a written statement regarding the incident. Mr. Slone agreed to do so, but was only able to write the short, incomprehensible statement: "Will back up." The trooper then asked Mr. Slone some questions, and paraphrased their short question-and-answer session on the written statement. During this inquiry, Mr. Slone stated that he last ate around two o'clock in the afternoon, and that he began drinking at five o'clock in the afternoon. He also asserted that he had only drunk two beers. However, the trooper conducted a horizontal gaze nystagmus test on Mr. Slone. Based on the results, he determined that Mr. Slone was under the influence of alcohol and arrested him.
 {¶ 13} Mr. Slone does not contest these facts on appeal. In fact, Mr. Slone admitted to the trooper during the investigation that he had driven his car that evening, that he had drunk alcohol prior to the accident, and that he did not consume alcoholic beverages after the accident occurred. The officer's observations of Mr. Slone's physiological state, along with Mr. Slone's admissions, alone are probative of Mr. Slone's guilt. See, e.g., Holland, at 15-16 (police officer's observations of defendant's physiological state at the police station, coupled with the defendant's admissions that she had only consumed alcohol before the accident, supported guilty verdict for driving under the influence of alcohol).
 {¶ 14} Mr. Slone argues that testimony was presented from witnesses that Mr. Slone was not drunk when they saw him at certain times that day. Carolyn testified, on the one hand, that Mr. Slone was drunk at the time that he knocked down the mailbox. But, Carolyn noted on the other hand that she had not in fact smelled any alcohol on Mr. Slone's person because she did not have the opportunity to get close enough to him to be able to tell whether he had consumed alcohol or not.
 {¶ 15} Although some conflicting testimony was presented, we cannot overturn the conviction simply because the jury chose to believe certain testimony. See Zentner at ¶ 19. "[W]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the [trier of fact] believed the prosecution testimony." State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757, at 4. The jury, charged with the duty to weigh the evidence adduced at trial and assess witness credibility, was certainly entitled to conclude that Mr. Slone was driving under the influence of alcohol. See State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 16} Based upon the foregoing, we find that the jury did not create a manifest miscarriage of justice when it found Mr. Slone guilty of driving under the influence. See Otten, 33 Ohio App.3d at 340. Consequently, we conclude that Mr. Slone's conviction for driving under the influence is not against the manifest weight of the evidence.
 {¶ 17} Accordingly, Mr. Slone' sole assignment of error is overruled.
 {¶ 18} Mr. Slone's sole assignment of error is overruled. The judgment of the Wadsworth Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J., Moore, J., concur.