DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Jerry Standen, appeals his conviction out of the Oberlin Municipal Court. This Court affirms.
 I. {¶ 2} Appellant was driving at approximately 2:30 a.m. on December 31, 2004, when he was stopped by a Wellington police officer for failing to come to a complete stop at a stop sign. Based on the officer's observations during the stop, appellant was charged with one count of driving while under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(a), one count of refusal to submit to a blood alcohol content test in violation of R.C. 4511.191(B)(1), and one count of failure to stop at a stop sign in violation of R.C. 4511.43(A).
 {¶ 3} On January 10, 2005, appellant filed a request for discovery pursuant to Crim.R. 16.
 {¶ 4} On April 4, 2005, appellant filed a motion to suppress the results of field sobriety tests administered by Officer Joshua McCoy of the Wellington Police Department during appellant's traffic stop. On May 23, 2005, the trial court granted the motion, in part, and denied the motion, in part. Specifically, the trial court ordered that Officer McCoy could testify as a lay witness regarding his observations of appellant during the traffic stop during the administration of the "walk-and-turn" and "one-leg stand" tests.
 {¶ 5} The trial court scheduled the matter for jury trial on August 1, 2005.
 {¶ 6} On July 27, 2005, the State issued a subpoena to Officer Heathcoat of the Wellington Police Department to compel his appearance to testify at appellant's trial. On July 28, 2005, appellant filed a motion to exclude Officer Heathcoat's testimony at trial. Appellant argued that the State failed to disclose Officer Heathcoat as a witness in a timely manner to the prejudice of appellant.
 {¶ 7} Prior to the commencement of trial on August 1, 2005, the trial court heard argument from counsel on appellant's motion to exclude the officer's testimony. Appellant argued that the State's untimely disclosure was unfair pursuant to Crim.R. 16, because it precluded appellant from determining whether appellant should have called Officer Heathcoat as a witness at the suppression hearing on May 19, 2005. Appellant further argued that the State's untimely disclosure precluded appellant from interviewing the officer.
 {¶ 8} The State responded that it provided appellant with a copy of the police report pursuant to appellant's discovery request. Appellant conceded that he received a copy of the police report. The State further asserted that the police report identified Officer Heathcoat and indicated that he was on the scene during appellant's traffic stop. In addition, the State asserted that it sent a copy of its subpoena to appellant, who then had five days' notification of the State's intent to call Officer Heathcoat as a witness at trial. At the conclusion of counsel's arguments, the trial court denied appellant's motion to exclude Officer Heathcoat's testimony.
 {¶ 9} The matter then proceeded to trial before the jury. At the conclusion of trial, the jury found appellant guilty of operating a motor vehicle while under the influence. The trial court subsequently sentenced appellant accordingly and stayed the sentence pending appeal.
 {¶ 10} Appellant timely appeals, raising two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN OVERRULING DEFENDANT'S MOTION TO EXCLUDE THE TRIAL TESTIMONY OF PATROLMAN HEATHCOAT."
 {¶ 11} Appellant argues that the trial court abused its discretion by failing to exclude Officer Heathcoat's testimony at trial, because the State failed to identify the officer as a witness in a timely manner and such untimely disclosure denied appellant a fair trial. This Court disagrees.
 {¶ 12} Crim.R. 16(B)(1)(e) mandates that the trial court, upon the defendant's motion, order the State to provide a list of the names and addresses of all witnesses the State intends to call at trial to the defendant. If the State fails to comply with the order to disclose its witness list, the trial court may, inter alia, prohibit the State from presenting any undisclosed witness' testimony. Crim.R. 16(E)(3).
 {¶ 13} The Ohio Supreme Court has set out a test for determining whether the State's failure to comply with Crim.R. 16 constitutes reversible error:
"Prosecutorial violations of Crim.R. 16 are reversible only when there is a showing that (1) the prosecution's failure to disclose was a willful violation of the rule, (2) foreknowledge of the information would have benefited the accused in the preparation of his defense, and (3) the accused suffered some prejudicial effect." State v. Joseph (1995), 73 Ohio St.3d 450,458, citing State v. Parson (1983), 6 Ohio St.3d 442, 445.
 {¶ 14} In this case, appellant makes no argument that foreknowledge of the State's intent to call Officer Heathcoat at trial would have benefited him in the preparation of his defense.[1] Furthermore, this Court finds no evidence that the State willfully failed to disclose Officer Heathcoat's identity or that appellant suffered any prejudice.
 {¶ 15} The trial court heard the arguments of counsel regarding appellant's motion to exclude the testimony immediately prior to trial. The State asserted that it provided a copy of the police report to appellant and that the report clearly identified Officer Heathcoat as the second officer on the scene of the traffic stop. Appellant's counsel admitted that he had received a copy of the police report and that it named Officer Heathcoat as the person on the scene who secured appellant's vehicle. Appellant's counsel then speculated that Officer Heathcoat may have simply gotten a call from the arresting officer to appear on the scene and secure the vehicle without any opportunity to observe anything. He further asserted that he took the report's statement that Officer Heathcoat "remained on the scene and secured his vehicle" to mean that Officer Heathcoat appeared after appellant was arrested. Appellant's counsel offered no basis for such speculation.
 {¶ 16} Because appellant received a copy of the police report in response to his discovery request, and the report identified Officer Heathcoat and noted his presence on the scene, appellant has failed to demonstrate any willful failure by the State to disclose the witness' identity or that appellant suffered any prejudicial effect. See Mayfield Hts. v. Molk, 8th Dist. No. 84703, 2004-Ohio-1176, at ¶ 12. The State in fact disclosed Officer Heathcoat's identity in response to appellant's discovery request when it provided appellant with a copy of the police report, and appellant then had ample opportunity to question Officer Heathcoat in preparation of his defense. Accordingly, the trial court did not err when it refused to exclude Officer Heathcoat's testimony at trial. Appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR
"THE APPELLANT'S CONVICTION FOR OVI WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 17} Appellant argues that his conviction of driving while under the influence of alcohol or drugs is against the manifest weight of the evidence. This Court disagrees.
"In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
This discretionary power should be exercised only in exceptional cases where the evidence presented weighs heavily in favor of the defendant and against conviction. Id. Further, "[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency."State v. Hoehn, 9th Dist. No. 03CA0076-M, 2004-Ohio-1419, at ¶ 37, quoting State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462.
 {¶ 18} In this case, appellant was convicted of driving while under the influence of alcohol or drugs in violation of R.C.4511.19(A)(1)(a), which states:
"No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them."
This Court recently addressed the type of evidence required to support a conviction pursuant to R.C. 4511.19(A)(1).
"[I]n DUI prosecutions, the state is not required to establish that a defendant was actually impaired while driving, but rather, need only show an impaired driving ability. State v. Zentner,
9th Dist. No. 02CA0040, 2003-Ohio-2352, at ¶ 19, citing State v.Holland (Dec. 17, 1999), 11th Dist. No. 98-P-0066. `To prove impaired driving ability, the state can rely on physiological factors (e.g., odor of alcohol, glossy or bloodshot eyes, slurred speech, confused appearance) to demonstrate that a person's physical and mental ability to drive was impaired.' Holland,
[supra], citing State v. Richards (Oct. 15, 1999), 11th Dist. No. 98-P-0069[.] Furthermore, `[v]irtually any lay witness, without special qualifications, may testify as to whether or not an individual is intoxicated.' Zentner at ¶ 19, quoting Statev. DeLong, 5th Dist. No. 02CA35, 2002-Ohio-5289, at ¶ 60."State v. Slone, 9th Dist. No. 04CA0103-M, 2005-Ohio-3325, at ¶ 9.
 {¶ 19} At trial, Officer Joshua McCoy of the Wellington Police Department testified that he stopped appellant's vehicle around 2:30 a.m. on December 31, 2004, after appellant failed to make a complete stop at a stop sign. The officer testified that, as he was identifying himself and requesting appellant's identification, he noticed an odor of an alcoholic beverage on or about appellant's person and that appellant had red, glassy eyes. In addition, Officer McCoy testified that appellant admitted that he had just left a "local liquor establishment" where he had consumed some alcohol. The officer testified that appellant "swayed back and forth" as he exited his vehicle. Officer McCoy testified that he then had appellant perform a series of agility/ability tests to determine whether appellant was able to drive home. The officer testified that he asked appellant to perform the "walk and turn" test and the "one-leg stand." Officer McCoy testified that appellant was unsteady, stepping on his own toes during the "walk and turn" and failing to appropriately follow directions. The officer testified that appellant repeatedly dropped his foot during the "one-leg stand" and ultimately could not maintain one foot off the ground as he counted. Officer McCoy testified that appellant later refused to submit to a clinical test for alcohol or drugs at the police station after his arrest.
 {¶ 20} On cross-examination, Officer McCoy testified that appellant had no difficulty stopping his vehicle, handing the officer identification or responding to the officer's questions.
 {¶ 21} Officer Heathcoat testified that he arrived on the scene to observe appellant "kind of swaying back and forth and staggering[.]" Officer Heathcoat testified that he then observed as Officer McCoy administered the "walk and turn" test to appellant, who stepped on his toes and failed to follow directions. The officer testified that he then observed appellant's attempt to perform the "one-leg stand." He testified that appellant dropped his foot several times and indicated that he could no longer do the test. Officer Heathcoat also testified that he was able to observe appellant and note that appellant's eyes were red and glassy. He added that he also detected an odor of an alcoholic beverage on or about appellant's person.
 {¶ 22} Appellant testified that he was cleaning whiskey bottles in his own bar the day of the incident and that he likely spilled alcohol on himself in the process. He testified that he then went to a friend's bar and stayed until closing, around 2:30 a.m., and that he drank one and a half bottles of beer over one to two hours. Appellant testified that Officer McCoy pulled him over as he was driving home. He testified that both Officer McCoy and Officer Heathcoat were on the scene and that he told them that he was physically unable to perform the agility/ability tests, because he was having trouble with his feet and ankles. Appellant further testified that he refused to take a breathalyzer test at the police station because he was unable to consult with his attorney in advance.
 {¶ 23} On rebuttal, Officer McCoy testified that appellant did not tell him that he had been cleaning whiskey bottles earlier on the evening of the incident or that he was having problems with his feet or ankles. Officer McCoy further testified that appellant asserted his refusal to take a breathalyzer test fifteen to twenty minutes after he arrived at the police station, while appellant did not ask for an attorney until approximately thirty minutes after that.
 {¶ 24} Although there was some conflicting testimony presented at trial, this Court will not overturn the conviction merely because the jury chose to believe certain testimony.Slone at ¶ 15, citing Zentner at ¶ 19. This Court has stated that "when conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony."State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757. In this case, "[t]he jury, charged with the duty to weigh the evidence adduced at trial and assess witness credibility, was certainly entitled to conclude that [appellant] was driving under the influence of alcohol." See Slone at ¶ 15; see, also Statev. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 25} Based on the foregoing, this Court finds that this is not the exceptional case, where the evidence weighs heavily in favor of appellant. The weight of the evidence supports the conclusion that appellant was driving under the influence of alcohol. Appellant failed to stop at a stop sign. Both officers at the scene noted the strong odor of an alcoholic beverage on or about appellant's person. Both officers noted appellant's unsteadiness and his red, glassy eyes. Both officers testified that appellant was unable to complete the "one-leg stand" or appropriately perform the "walk and turn" test. Appellant admitted to having had two beers prior to leaving his friend's bar. A thorough review of the record compels this Court to find no indication that the jury lost its way and committed a manifest miscarriage of justice in convicting appellant of driving under the influence of alcohol. Accordingly, this Court finds that appellant's conviction is not against the manifest weight of the evidence. Appellant's second assignment of error is overruled.
 III. {¶ 26} Appellant's assignments of error are overruled. Appellant's conviction out of the Oberlin Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Oberlin Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Moore, J. Boyle, J. concur.
[1] Appellant argued in his motion to exclude Officer Heathcoat's testimony before the trial court that the State's failure to disclose this witness in a timely manner prohibited appellant from subpoenaing Officer Heathcoat to testify at the suppression hearing regarding circumstances surrounding appellant's initial stop and subsequent arrest. Appellant does not raise this issue in his appeal. Furthermore, appellant withdrew his claim that there was no lawful stop and that appellant's statements were taken in violation of his rights, so that the only issue for the trial court's determination after suppression hearing was the admissibility of sobriety tests administered to appellant by Officer Joshua McCoy, without any involvement by Officer Heathcoat.