[Cite as *State v. Tucker*, 2018-Ohio-2180.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28773 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| ROBIN TUCKER | BARBERTON MUNICIPAL COURT |
| | COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 16 TRC 6360 |

DECISION AND JOURNAL ENTRY

Dated: June 6, 2018

HENSAL, Judge.

{¶1}   Robin Tucker appeals her conviction for operating a vehicle under the influence of alcohol or drugs from the Barberton Municipal Court. This Court affirms.

I.

{¶2}   Officer Burch, a patrol officer from the City of Norton Police Department, responded to a "hit/skip" call wherein a car sideswiped a semi-truck while attempting to merge onto the highway. Officer Burch located the damaged car pulled over on the side of the road a few miles away from where the accident occurred. Ms. Tucker, a male friend, Ms. Tucker's daughter, and Ms. Tucker's daughter's friend were with the vehicle. Ms. Tucker told Officer Burch that she had been driving, and Officer Burch suspected that she was under the influence of alcohol or drugs. After Ms. Tucker failed to satisfactorily perform three standardized field-sobriety tests, Officer Burch placed Ms. Tucker under arrest and transported her to the police station. While at the police station, Ms. Tucker consented to a breathalyzer test, which indicated

that she was not under the influence of alcohol. She also consented to a urine test, which revealed that she had oxycodone, cocaine, and benzos in her system.

{¶3} Ms. Tucker was charged with operating a vehicle under the influence of alcohol or drugs in violation of Revised Code Section 4511.19(A)(1)(a). Prior to trial, Ms. Tucker's counsel moved to suppress the evidence related to the field-sobriety tests, and challenged the probable cause for the arrest. After a hearing, the trial court denied Ms. Tucker's motion. Ms. Tucker's counsel then filed a second motion to suppress, asserting, in part, that the results of the urine test were inadmissible because the State conducted the test without first obtaining a warrant. The trial court denied the motion, holding that Ms. Tucker's counsel should have raised any issue with the urine test in the first motion to suppress. The matter then proceeded to a jury trial.

{¶4} At trial, the State presented testimony from Officer Burch, as well as testimony from another officer who also responded to the scene. Officer Burch testified relative to Ms. Tucker's performance during the field-sobriety tests, as well as his opinion that – based upon his training and experience – Ms. Tucker was under the influence of alcohol or drugs, which impaired her ability to drive. The defense presented one witness: Ms. Tucker's daughter. Ms. Tucker's daughter testified that Ms. Tucker's male friend, not Ms. Tucker, was driving the car at the time of the accident. After hearing the evidence, the jury returned a verdict of guilty. Ms. Tucker now appeals, raising one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

MS. TUCKER WAS DENIED HER RIGHT TO EFFECTIVE ASSISTANCE OF
COUNSEL PURSUANT [TO] ARTICLE 1, SECTIONS 1, 10, AND 16 OF THE
OHIO CONSTITUTION AND THE SIXTH AMENDMENT OF THE UNITED
STATES CONSTITUTION.

**{¶5}** In her assignment of error, Ms. Tucker argues that her trial counsel provided ineffective assistance because he: (1) failed to properly file the motion to suppress the evidence relative to the results of the urine test; and (2) failed to cross-examine Officer Burch regarding other possible causes for her behavior. Ms. Tucker concludes that, but for the results of the urine test and her counsel's inadequate cross-examination of Officer Burch, the jury would not have found her guilty of an OVI offense.

**{¶6}** To prevail on a claim of ineffective assistance of counsel, an appellant must establish that: (1) her counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) but for her counsel's deficient performance, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An appellant's failure to satisfy either prong of the *Strickland* test "negates a court's need to consider the other." *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000). Thus, because it is dispositive, this Court will address the second prong of *Strickland* (i.e., whether Ms. Tucker suffered prejudice) first.

**{¶7}** Section 4511.19(A)(1)(a), under which Ms. Tucker was convicted, provides that "[n]o person shall operate any vehicle * * * if, at the time of the operation, * * * "[t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." Notably, the State "is not required to establish that a defendant was actually impaired while driving, but rather, need only show an impaired driving ability." *State v. Slone*, 9th Dist. Medina No. 04CA0103-M, 2005-Ohio-3325, ¶ 9. "To prove impaired driving ability, the [S]tate can rely on physiological factors (e.g., odor of alcohol, glossy or bloodshot eyes, slurred speech, confused appearance) to demonstrate that a person's physical and mental ability to drive was impaired." *Id.*, quoting

*State v. Holland*, 11th Dist. Portage No. 98-P-0066, 1999 Ohio App. LEXIS 6143, *14 (Dec. 17, 1999).

{¶8} Here, Officer Burch testified that Ms. Tucker's speech was slurred and mumbled, that she was talkative and confused, and that her eyes were watery and bloodshot. He also testified that she performed poorly on the field-sobriety tests, stating that he observed two out of six possible clues during the horizontal gaze nystagmus test, five (one during the instructional phase and four during the testing phase) out of eight possible clues during the walk-and-turn test, and three out of four possible clues on the one-leg-stand test. He opined that, based upon his training and experience, Ms. Tucker appeared to be under the influence of alcohol or drugs, which impaired her ability to drive.

{¶9} On cross-examination, Ms. Tucker's counsel did not question Officer Burch as to other potential causes for Ms. Tucker's behavior. She argues that her counsel should have questioned Officer Burch as to whether her behavior could have been caused by the fact that she had just been in a car accident, or the fact that her eyes were bothering her, which could have explained her poor performance during the field-sobriety tests. This argument ignores the fact that Ms. Tucker's counsel's theory at trial was that the field-sobriety tests are difficult to successfully perform regardless of any intoxication, and that Ms. Tucker performed several other tasks without any apparent difficulty, indicating that she was not intoxicated. While cross-examining Officer Burch, Ms. Tucker's counsel did elicit testimony regarding the latter point. To that end, Officer Burch testified that Ms. Tucker accomplished several tasks without any apparent difficulty, such as providing her driver's license, answering questions, and putting her shoes and sweater on.

**{¶10}** Given the evidence presented at trial, we reject Ms. Tucker's arguments that, but for the results of the urine test and counsel's alleged inadequate cross-examination, the jury would not have found her guilty of an OVI offense. We, therefore, cannot say that Ms. Tucker's trial counsel provided ineffective assistance. Accordingly, Ms. Tucker's assignment of error is overruled.

## III.

**{¶11}** Ms. Tucker's assignment of error is overruled. The judgment of the Barberton Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

STACY MCGOWAN, Attorney at Law, for Appellant.

JENNIFER A. ROBERTS, Attorney at Law, for Appellee.