[Cite as *State v. Cooper*, 2013-Ohio-5489.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 12CA0067-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RYAN M. COOPER | WADSWORTH MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 12-TRC-00404 |

DECISION AND JOURNAL ENTRY

Dated: December 16, 2013

BELFANCE, Presiding Judge.

{¶1} Defendant-Appellant Ryan Cooper appeals from the Wadsworth Municipal Court's denial of his motion to suppress. For the reasons set forth below, we affirm.

I.

{¶2} On January 28, 2012, Mr. Cooper's vehicle was stopped by Wadsworth police officer Joe Rose after it went over the center line after making a left turn. When Officer Rose approached the vehicle, he smelled an odor of alcohol coming from the vehicle and thought Mr. Cooper had slurred speech. Based on Officer Rose's suspicions that Mr. Cooper might be intoxicated, Officer Rose had Mr. Cooper count backwards and recite portions of the alphabet. Thereafter, Officer Rose performed standardized field sobriety testing on Mr. Cooper. Mr. Cooper was ultimately arrested and cited for violations of R.C. 4511.19(A)(1)(a) and 4511.19(A)(1)(d), as well as violating a municipal ordinance.

**{¶3}** Mr. Cooper filed a motion to suppress asserting that there were insufficient indicia of alcohol impairment to give the officer reasonable suspicion to conduct field sobriety tests and that the field sobriety tests were not administered according to proper procedures. The matter proceeded to a hearing at which time the parties addressed whether there was reasonable suspicion to stop Mr. Cooper, whether the field sobriety tests were conducted in substantial compliance with the appropriate standards, and whether there was probable cause to arrest Mr. Cooper. At the hearing, the State requested that the trial court take judicial note of the National Highway Traffic Safety Administration ("NHTSA") manual. Upon agreement by Mr. Cooper's counsel, the trial court agreed to do so and informed the parties that it had the 2000 NHTSA manual. Additionally, the video of the stop was admitted upon the request of both parties and viewed by the trial court subsequent to the hearing. The trial court issued a written decision denying Mr. Cooper's motion to suppress.

**{¶4}** Mr. Cooper pleaded no contest to violating R.C. 4511.19(A)(1)(d) and the State dismissed the alleged violations of R.C. 4511.19(A)(1)(a) and the municipal ordinance. Mr. Cooper was sentenced; however, his sentence was stayed pending appeal. Mr. Cooper initially appealed, but that appeal was dismissed after Mr. Cooper failed to timely file a brief. Mr. Cooper's appeal was subsequently reinstated and he now raises a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

RYAN COOPER DID NOT HAVE BLOODSHOT OR RED EYES, HIS SPEECH WAS NOT SLURRED, HE COUNTED BACKWARDS FROM 68 TO 52 WITHOUT ANY PROBLEM, HE RECITED THE ALPHABET FROM D TO Q WITHOUT ISSUE, AND HE DID NOT SWAY, LOSE HIS BALANCE, OR STUMBLE DURING FIELD SOBRIETY TESTS. THE STATE DID NOT INTRODUCE ANY NHTSA GUIDELINES DURING THE HEARING.

THERE WAS INSUFFICIENT FACTS FOR THE TRIAL COURT TO CONCLUDE THAT MR. COOPER WAS APPRECIABLY IMPAIRED.

{¶5} Mr. Cooper asserts in his sole assignment of error that the trial court erred in denying his motion to suppress because there was insufficient evidence that Officer Rose conducted the field sobriety testing in substantial compliance with NHTSA guidelines and that, irrespective of the admissibility of the results of the field sobriety testing, Officer Rose lacked probable cause to arrest Mr. Cooper.

{¶6} Generally, review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. Thus, we defer to the trial court's findings of fact if they are supported by competent, credible evidence and review its application of the law to the facts de novo. *State v. Metcalf*, 9th Dist. Summit No. 23600, 2007-Ohio-4001, ¶ 6.

{¶7} Essentially, Mr. Cooper asserts that the State failed to comply with R.C. 4511.19(D)(4)(b) and, thus, the results of the field sobriety testing were inadmissible. He further argues that, absent the results of the testing, there was insufficient evidence to conclude that Mr. Cooper was impaired. R.C. 4511.19(D)(4)(b) provides that

> In any criminal prosecution or juvenile court proceeding for a violation of division (A) or (B) of this section, * * * if a law enforcement officer has administered a field sobriety test to the operator of the vehicle involved in the violation and if it is shown by clear and convincing evidence that the officer administered the test in substantial compliance with the testing standards for any reliable, credible, and generally accepted field sobriety tests that were in effect at the time the tests were administered, including, but not limited to, any testing standards then in effect that were set by the national highway traffic safety administration, all of the following apply:
>
> (i) The officer may testify concerning the results of the field sobriety test so administered.
>
> (ii) The prosecution may introduce the results of the field sobriety test so administered as evidence in any proceedings in the criminal prosecution or juvenile court proceeding.

(iii) If testimony is presented or evidence is introduced under division (D)(4)(b)(i) or (ii) of this section and if the testimony or evidence is admissible under the Rules of Evidence, the court shall admit the testimony or evidence and the trier of fact shall give it whatever weight the trier of fact considers to be appropriate.

**{¶8}** Mr. Cooper complains that Officer Rose never stated that he followed the NHTSA guidelines, that he learned to administer the tests in accordance with the guidelines, nor did he explain which version of the manual he was referring to when he did sporadically mention a NHTSA manual during the suppression hearing. The problem with Mr. Cooper's argument is that he agreed with the State's proposition that the trial court take judicial notice of the NHTSA manual. The trial court asked if that was acceptable to defense counsel, and defense counsel answered affirmatively. Defense counsel proceeded to ask the trial court which version of the manual the trial court possessed, and the trial court indicated that it thought it had the 2000 version. Defense counsel indicated that was acceptable and that defense counsel and, presumably, the State could address any variance between that version and the 2006 version. Neither side ever pointed out any variance. Accordingly, it is reasonable to conclude that both the State and defense counsel were essentially stipulating that the 2000 version of the NHTSA manual was the applicable version and contained the appropriate standards. Thus, to the extent that Mr. Cooper asserts that Officer Rose had to testify to which version was applicable, we see no merit in that argument.

**{¶9}** Moreover, given defense counsel's agreement that the trial court should take judicial notice of the 2000 NHTSA manual, assuming without deciding that it was erroneous for the trial court to take judicial notice of an entire manual, we conclude that Mr. Cooper invited any error present and cannot now take advantage of that error. *See State v. Lang,* 129 Ohio St.3d 512, 2011-Ohio-4215, ¶ 145. In light of the invited error present, this Court declines to address the propriety of taking judicial notice of the NHTSA manual. *See State ex rel. Louthan v. Akron,*

9th Dist. Summit No. 23351, 2007-Ohio-241, ¶ 8 ("This court is loath to issue advisory opinions which do not serve to materially advance correct disposition of the matter on appeal.") (Internal quotations and citations omitted.).

{¶10} Further, in light of the agreement that the trial court take judicial notice of the 2000 manual, the question before the trial court was whether the conduct of Officer Rose in administering the field sobriety tests was in substantial compliance with the 2000 NHTSA manual. *See* 4511.19(D)(4)(b) (test results are admissible when "if it is shown by clear and convincing evidence that the officer administered the test in substantial compliance with the testing standards * * *.").

{¶11} Mr. Cooper points out that, in *State v. Sunday,* 9th Dist. Summit No. 22917, 2006-Ohio-2984, this Court stated that the "trial court d[oes] err in finding that [the] Officer * * * substantially complied with NHTSA guidelines when the State failed to establish through the officer's testimony or admission of a manual that the officer did in fact substantially comply with standardized testing procedures." *Id.* at ¶ 25. However, the circumstances of this case are clearly distinguishable from the facts in *Sunday. Sunday* did not involve an agreement for the trial court to take judicial notice of a particular version of the NHTSA manual. Notably, this Court pointed out in *Sunday* that, when there is no testimony that an officer complied with the guidelines and the State also fails to admit a manual containing the guidelines, "this Court has no point of reference from which to determine whether [the officer's] conduct substantially complied with standardized testing procedures." *Sunday* at ¶ 23-24. However, the case before us is unique given the stipulation of the parties that the trial court should take judicial notice of the NHTSA manual and view the video to determine whether Officer Rose conducted the tests in substantial compliance with the NHTSA guidelines. The video of the stop was admitted into

evidence, and the parties left to the court the task of viewing the video and determining whether Officer Rose administered the field sobriety tests in substantial compliance with the NHTSA guidelines. The record reflects that, at the close of the evidence, the trial court stated "by agreement, then I'll go ahead and I'll review the video[ and t]hen I'll make my written decision." Accordingly, the trial court had before it the standards that the parties stipulated were appropriate and it could compare those standards with Officer Rose's conduct to determine whether Officer Rose substantially complied with the NHTSA standards when conducting the field sobriety tests. The trial court had before it a video of the stop, the officer's testimony about the tests he performed and how he performed them, and additionally took judicial notice of the standards themselves; accordingly, we see no merit to Mr. Cooper's argument that the record was inadequate for the trial court to determine whether Officer Rose substantially complied with the NHSTA guidelines. Mr. Cooper's analogy to *Sunday* is thus unfounded.

**{¶12}** To the extent Mr. Cooper asserts that the evidence does not support the trial court's conclusion that Officer Rose substantially complied with NHSTA guidelines, we note that, in so concluding, the trial court relied heavily on the video of the stop. The trial court, in its decision, frequently references the video. When discussing substantial compliance, the trial court stated that "[t]he Court has had an opportunity to review the video and the NHTSA manual, and finds that all instructions for the Horizontal Gaze Nystagmus test, the one-leg-stand and walk-and-turn tests were all done within substantial compliance." Unfortunately, the video of the stop has not been made a part of the record on appeal. *See* App.R. 9(B). "[I]n the absence of portions of the record necessary for our review, we must presume regularity in the trial court's proceedings and affirm its ruling." *State v. Jalwan*, 9th Dist. Medina No. 09CA0065-M, 2010-Ohio-3001, ¶ 12. Accordingly, we have no choice but to overrule Mr. Cooper's argument.

Based on the record before us, we cannot fully evaluate the trial court's conclusion that Officer Rose substantially complied with the NHTSA guidelines and, instead, presume regularity in its proceedings. *See id.*

{¶13} Additionally, Mr. Cooper asserts that, irrespective of whether the results of the standardized field sobriety tests were admissible, Officer Rose lacked probable cause to arrest Mr. Cooper.

{¶14} This Court has held that

In determining whether the police had probable cause to arrest an individual for [OVI], we consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. [*Tallmadge v.*] *Barker*[, 9th Dist. Summit No. 24414, 2009-Ohio-1334,] ¶ 12, quoting *State v. Homan*, 89 Ohio St.3d 421, 427 (2000), superceded by R.C. 4511.19(D)(4)(b) on other grounds as recognized by *State v. Schmitt*, 101 Ohio St.3d 79, 2004-Ohio-37. Additionally, [e]ven without positive results on field sobriety testing, the totality of the facts and circumstances may support probable cause to arrest for a violation of Section 4511.19(A) of the Ohio Revised Code. *State v. Walters*, 9th Dist. [Medina] No. 11CA0039-M, 2012-Ohio-2429, ¶ 10.

(Internal quotations omitted.) *State v. Thayer,* 9th Dist. Medina No. 11CA0045-M, 2012-Ohio-3301, ¶ 33.

{¶15} Again, we note that the trial court frequently utilized the video of the stop in making its factual findings and often concluded that the video contradicted Officer Rose's testimony. This Court does not have the video in the record before it and, thus, cannot review it. Accordingly, we must accept the trial court's factual findings. We note that the trial court found that "the officer noted an odor of an alcoholic beverage, had the admission of consumption of alcohol, observed what he thought was slurred speech, at times appeared not to understand or was intentionally giving them a hard time about some of the test, observed six of six clues on the Horizontal Gaze Nystagmus test and observed various problems with the walk-and-turn and one-

leg stand tests." Essentially Mr. Cooper asserts that the totality of the circumstances did not amount to probable cause. Under the circumstances of this case, including this Court's inability to view the video of the stop which the trial court so heavily relied upon, we cannot conclude the trial court erred in finding that Officer Rose had probable cause to arrest Mr. Cooper for violating R.C. 4511.19(A). *See Barker* at ¶ 18-19 (concluding probable cause existed when four clues were present on the horizontal gaze nystagmus test, there was evidence of bad driving, and defendant admitted to drinking and had blood shot eyes). We therefore overrule Mr. Cooper's sole assignment of error.

## III.

{¶16} In light of the foregoing, we affirm the judgment of the Wadsworth Municipal Court.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                                           

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
CARR, J.
CONCUR.

APPEARANCES:

DAVID C. SHELDON, Attorney at Law, for Appellant.

PAGE C. SCHROCK, III, Assistant Director of Law, for Appellee.