[Cite as *State v. Kordich*, 2017-Ohio-234.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

v.

KYLE J. KORDICH

    Appellant

C.A. No.     15CA0058-M

APPEAL FROM JUDGMENT
ENTERED IN THE
MEDINA MUNICIPAL COURT
COUNTY OF MEDINA, OHIO
CASE Nos.    14TRC06674
               14CRB01732

DECISION AND JOURNAL ENTRY

Dated: January 23, 2017

---

CARR, Presiding Judge.

{¶1} Defendant-Appellant, Kyle Kordich, appeals from the judgment of the Medina Municipal Court, denying his motion to suppress. This Court affirms.

I.

{¶2} During the late evening hours of October 2, 2014, Officer Jeffrey Kinney watched a vehicle pass his stationary cruiser and saw a white light coming from the rear of the vehicle. Officer Kinney decided to follow the vehicle to try to identify the source of the white light. As his cruiser approached the vehicle, its driver executed a left-hand turn and parked in front of a closed convenience store. Officer Kinney then pulled in behind the driver and activated his overhead lights. When the officer approached the driver, who was later identified as Kordich, he immediately detected the odor of alcohol. He later performed field sobriety testing and placed Kordich under arrest. He ultimately determined that the white light that he saw was coming from a broken taillight on Kordich's vehicle.

{¶3} As a result of the traffic stop, Kordich was charged with (1) operating a vehicle while under the influence of alcohol ("OVI"), in violation of both R.C. 4511.19(A)(1) and 4511.19(A)(2); (2) operating a vehicle with a defective back-up light, in violation of R.C. 4513.13(A); and (3) operating a vehicle while in possession of an open container, in violation of R.C. 4301.62(B)(4). Kordich filed a motion to suppress, and the court held a hearing on his motion. Following the hearing, the court denied his motion to suppress, and Kordich pleaded no contest to one count of OVI. The court dismissed his remaining charges and sentenced him to jail, a fine, probation, and a license suspension.

{¶4} Kordich now appeals from the trial court's denial of his motion to suppress and raises two assignments of error for our review. For ease of analysis, we consolidate his assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN FINDING THE OFFICER HAD REASONABLE SUSPICION TO EFFECTUATE A TRAFFIC STOP OF MR. KORDICH[.]

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED WHEN IT FOUND THE STATE HAD PROBABLE CAUSE TO ARREST MR. KORDICH FOR OVI.

{¶5} In his assignments of error, Kordich argues that the trial court erred when it denied his motion to suppress. He argues that Officer Kinney lacked reasonable suspicion to stop his vehicle and lacked probable cause to arrest him. We do not agree that the court erred by denying his motion to suppress.

{¶6} A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress,

the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8. "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997). We emphasize, however, that "[t]his Court must only accept the trial court's findings of fact if they are supported by competent, credible evidence." *State v. Hendrix*, 9th Dist. Summit Nos. 26648, 26649, 2013-Ohio-2430, ¶ 14, quoting *State v. Figueroa*, 9th Dist. Lorain No. 09CA009612, 2010-Ohio-189, ¶ 20.

**Reasonable Suspicion**

{¶7} The Fourth Amendment to the United States Constitution and Section 14, Article 1 of the Ohio Constitution proscribe unreasonable searches and seizures. To justify an investigative stop, an officer must point to "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Maumee v. Weisner*, 87 Ohio St.3d 295, 299 (1999), quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968). In evaluating the facts and inferences supporting the stop, a court must consider the totality of the circumstances as "viewed through the eyes of a reasonable and cautious police officer on the scene, guided by his experience and training." *State v. Bobo*, 37 Ohio St.3d 177, 179 (1988), quoting *United States v. Hall*, 525 F.2d 857, 859 (D.C.Cir.1976). A totality of the circumstances review includes consideration of "(1) [the] location; (2) the officer's experience, training or knowledge; (3) the suspect's conduct or appearance; and (4) the surrounding circumstances." *State v. Biehl*, 9th Dist. Summit No. 22054, 2004-Ohio-6532, ¶ 14, citing *Bobo* at 178-179. This

Court has repeatedly recognized that "[a]n officer may stop a vehicle to investigate a suspected violation of a traffic law." *State v. Slates*, 9th Dist. Medina No. 25019, 2011-Ohio-295, ¶ 23, quoting *State v. Sunday*, 9th Dist. Summit No. 22917, 2006-Ohio-2984, ¶ 29. *Accord State v. Carano*, 9th Dist. Summit No. 26544, 2013-Ohio-1633, ¶ 8, quoting *State v. Campbell*, 9th Dist. Medina No. 05CA0032-M, 2005-Ohio-4361, ¶ 11 ("Where an officer has an articulable reasonable suspicion * * * to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid * * *.").

{¶8} The trial court determined that Officer Jeffrey Kinney was observing traffic at the intersection of West 130 Street and South Canyon Trail when he first observed Kordich's vehicle. Officer Kinney saw the vehicle traveling northbound on West 130th and, as it passed his cruiser, he saw a white light coming from its back section. The court found that the officer could see the light clearly, but could not determine its source. The officer could only determine that the light was constant and was coming from the rear corner of the vehicle, "in the area of the taillight, backup light, and turn signal." The court found that Officer Kinney followed Kordich for a brief distance before he saw him turn into the parking lot of a closed convenience store. Officer Kinney then pulled in behind Kordich and executed a traffic stop. The court found that, when the officer approached Kordich's vehicle, it became immediately apparent that the white light he saw was coming from a broken taillight. The court concluded that Officer Kinney had reasonable suspicion to stop Kordich for a suspected violation of R.C. 4513.13(A).

{¶9} Kordich does not challenge any particular factual finding that the trial court made. Instead, he argues that Officer Kinney lacked reasonable suspicion to stop his vehicle because the Revised Code only requires a vehicle to have one working taillight and there was no testimony that his broken taillight constituted a dangerous condition. He further argues that

Officer Kinney could not have reasonably concluded, based strictly on his having pulled into the parking lot of a closed business, that criminal activity was afoot. Accordingly, he asserts that Officer Kinney executed a constitutionally invalid traffic stop.

{¶10} Kordich is correct that the Revised Code only requires vehicles to have one working taillight. *See* R.C. 4513.05(A). A broken taillight may create reasonable suspicion for a stop if it creates a potential hazard because, in those circumstances, the driver is operating the vehicle in an unsafe condition. *See State v. Stover*, 9th Dist. Lorain No. 95CA006028, 1995 WL 608388, *2 (Oct. 18, 1995), citing R.C. 4513.02(A)-(B). It is unclear from the record here, however, whether the white light coming from Kordich's vehicle posed a potential safety hazard to other drivers. The trial court did not find that Officer Kinney considered the white light hazardous. *Compare Stover* at *2. Nevertheless, the court did find that the officer followed Kordich's vehicle because he could not determine the source of the constant white light that he saw.

{¶11} R.C. 4513.13(A) provides, in relevant part: "Any motor vehicle may be equipped with back-up lights, either separately or in combination with another light. No back-up lights shall be continuously lighted when the motor vehicle is in forward motion." Other districts have held that, when a vehicle is in forward motion, a continuously lighted backup light is a violation of R.C. 4513.13 and that "[s]uch violation justifie[s] an investigative stop." *State v. Fullan*, 11th Dist. Portage No. 90-P-2192, 1991 WL 54152, *4 (Apr. 5, 1991). *See also State v. Peterson*, 2d Dist. Montgomery No. 18144, 2000 WL 706838, *2 (June 2, 2000). Based on these particular facts and circumstances, we must conclude that the trial court did not err when it concluded that Officer Kinney had reasonable suspicion to stop Kordich's vehicle for a suspected violation of R.C. 4513.13(A).

**{¶12}** Officer Kinney specifically testified that the white light he saw coming from the right rear corner of Kordich's vehicle was constant, and there is no dispute that the vehicle was in forward motion at the time he made his observations. Officer Kinney stated that he followed Kordich's vehicle because he was unable to tell where the white light was coming from, other than that it was in the general location of either the taillight, back-up light, or turn signal. Officer Kinney only discovered the true source of the light after he effectuated his stop. Even assuming that Officer Kinney did not have reasonable suspicion to stop Kordich based on the additional observations he made while following him, the record supports the trial court's conclusion that he had reasonable suspicion to stop Kordich in order to investigate a suspected violation of R.C. 4513.13(A).

**{¶13}** We note that the record also contains a video recording of the traffic stop at issue here. The recording begins when Officer Kinney is already following Kordich's vehicle. Because there is a significant amount of glare from any lights in the video, however, the white light that Officer Kinney observed cannot be seen. In essence, the court had to make a credibility determination regarding Officer Kinney's observation of the white light. Absent any evidence from Kordich that his vehicle did not, in fact, have a broken rear light or was not emitting a white light, the court chose to believe the officer's testimony. Having reviewed the record, we cannot conclude that the court erred when it found Officer Kinney's traffic stop to be constitutionally valid. *See Slates*, 2011-Ohio-295, at ¶ 23, quoting *Sunday*, 2006-Ohio-2984, at ¶ 29 ("[A]n officer may stop a vehicle to investigate a suspected violation of a traffic law."). Accordingly, Kordich's first assignment of error is overruled.

**Probable Cause**

{¶14} "The legal standard for probable cause to arrest for OVI is whether 'at the moment of the arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence.'" *State v. Krzemieniewski*, 9th Dist. Medina No. 15CA0015-M, 2016-Ohio-4991, ¶ 11, quoting *State v. Homan*, 89 Ohio St.3d 421, 427 (2000), *superseded by statute on other grounds*. "[E]ven without positive results on field sobriety testing, the totality of the facts and circumstances may support probable cause to arrest for a violation of [R.C.] 4511.19(A) * * *." *State v. Cooper*, 9th Dist. Medina No. 12CA0067-M, 2013-Ohio-5489, ¶ 14 quoting *State v. Thayer*, 9th Dist. Medina No. 11CA0045-M, 2012-Ohio-3301, ¶ 33.

{¶15} The trial court found that Officer Kinney detected the smell of alcohol coming from Kordich's person, saw that he had "red and glassy eyes," noted that he had slurred speech, and felt that he "was giving incoherent or evasive answers to his questions about where he was going * * * and where he was coming from * * *." The court found that Kordich initially denied having consumed any alcoholic beverages, but, upon further inquiry, admitted that he had consumed "just one beer at his girlfriend's." The court further found that Kordich exhibited six of six clues on the horizontal gaze nystagmus test and that, according to Officer Kinney's testimony, that result was consistent with alcohol consumption in excess of the legal limit. The court determined that

> absent a crash or observed erratic operation, the odor of an alcoholic beverage, red and glassy eyes, slurred speech, admission of consumption after denial of consumption, and somewhat lack of coherence does not amount to probable cause to believe that the Defendant is impaired by alcohol.

Even so, the court found that there was probable cause to arrest Kordich because, based on his performance on the horizontal gaze nystagmus test, Officer Kinney was able to opine "that [Kordich] would test in excess of the statutory limit for alcohol in Ohio."

{¶16} Kordich argues that Officer Kinney lacked probable cause to arrest him because there was no evidence of any impaired driving, the video recording of the stop does not depict him slurring his words, and he performed very well on the one leg stand and walk and turn tests. This Court has held, however, that an officer need not "observe erratic driving in order to effectuate an arrest for driving under the influence." *State v. Kurjian*, 9th Dist. Medina No. 06CA0010-M, 2006-Ohio-6669, ¶ 17. Moreover, the totality of the circumstances may support an OVI arrest "[e]ven without positive results on field sobriety testing * * *." (Alteration sic.) *Cooper* at ¶ 14, quoting *Thayer* at ¶ 33.

{¶17} The trial court determined that Officer Kinney had probable cause to arrest Kordich because Kordich failed the horizontal gaze nystagmus test and that test result allowed Officer Kinney to conclude that Kordich was legally intoxicated. The court specifically noted that, absent erratic driving, the other observations that Officer Kinney made were not enough to give him probable cause to arrest Kordich. This Court has specifically held, however, that an officer may effectuate an arrest for OVI in the absence of erratic driving. *See Kirjian* at ¶ 17. "To prove impaired driving ability, the [S]tate can rely on physiological factors (e.g., odor of alcohol, glossy or bloodshot eyes, slurred speech, confused appearance) to demonstrate that a person's physical and mental ability to drive was impaired." *State v. Peters*, 9th Dist. Wayne No. 08CA0009, 2008-Ohio-6940, ¶ 5, quoting *State v. Slone*, 9th Dist. Medina No. 04CA0103-M, 2005-Ohio-3325, ¶ 9. We, therefore, reject the trial court's rationale in this case, but conclude that it reached the legally correct result here. *See State v. Mason*, 9th Dist. Summit No.

27715, 2016-Ohio-7081, ¶ 25 ("An appellate court shall affirm a legally correct judgment, including the denial of a motion to suppress, even if the trial court's reasoning was flawed.").

{¶18} The court specifically found that Officer Kinney detected the smell of alcohol coming from Kordich's person, saw that he had "red and glassy eyes," noted that he had slurred speech, and felt that he "was giving incoherent or evasive answers to his questions about where he was going * * * and where he was coming from * * *." Additionally, the court found that Kordich exhibited six out of six clues on the horizontal gaze nystagmus test. Based on the foregoing, we conclude that Officer Kinney had probable cause to arrest Kordich for an OVI. Even if Kordich performed well on the other field sobriety tests and/or did not noticeably slur his speech in the video recording from the traffic stop, the trial court found Officer Kinney to be a credible witness, and his testimony supports the court's conclusion that there was probable cause to arrest Kordich for an OVI. *See State v. Thayer*, 9th Dist. Medina No. 11CA0045-M, 2012-Ohio-3301, ¶ 33 (probable cause requires only the probability that criminal activity exists). As such, we must conclude that the court did not err when it denied Kordich's motion to suppress. Kordich's second assignment of error is overruled.

### III.

{¶19} Kordich's assignments of error are overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

–––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

THOMAS M. DICAUDO and BENJAMIN R. SORBER, Attorneys at Law, for Appellant.

GREGORY A. HUBER, Prosecuting Attorney, for Appellee.