[Cite as *State v. Bearer*, 2022-Ohio-4554.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| COUNTY OF WAYNE | )ss: )  | NINTH JUDICIAL DISTRICT |

| | |
|---|---|
| STATE OF OHIO | C.A. No.      21AP0035 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOHN BEARER | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | CASE No.      2021 TRC 000376 |

## DECISION AND JOURNAL ENTRY

Dated: December 19, 2022

CARR, Judge.

{¶1}     Appellant, John Charles Bearer, appeals the judgment of the Wayne County Municipal Court.  This Court affirms.

I.

{¶2}     This matter arises out of a traffic stop that occurred on the afternoon of January 24, 2021 in Smithville, Ohio.  Bearer was charged with one count of driving under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) and one count of operating a motor vehicle with a prohibited blood-alcohol concentration in violation of R.C. 4511.19(A)(1)(h).  Bearer filed a motion to suppress wherein he raised a number of issues in relation to the stop.  The matter ultimately proceeded to a hearing solely on the issue of whether police had a lawful basis to stop Bearer's vehicle.  The trial court denied the motion after a hearing.

{¶3}     Bearer pleaded no contest to the charges.  After finding Bearer guilty, the trial court found the offenses to be allied and merged them for sentencing purposes.  With respect to the

violation of R.C. 4511.19(A)(1)(h), the trial court imposed a community control sanction as well as a six-day jail term, three days of which could be served by attending a driver intervention program. The trial court also imposed an $850 fine and an 18-month license suspension.

{¶4}   On appeal, Bearer raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS ON THE ISSUE OF REASONABLE SUSPICION OF CRIMINAL ACTIVITY JUSTIFYING THE INVESTIGATIVE STOP OF DEFENDANT-APPELLANT'S MOTOR VEHICLE.

{¶5}   In his sole assignment of error, Bearer argues that the trial court erred in denying his motion to suppress because the totality of the circumstances did not support the conclusion that police had reasonable suspicion to stop his vehicle. This Court disagrees.

{¶6}   A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8. "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997).

### Background

{¶7}   In his motion to suppress, Bearer argued that police did not have a lawful basis to stop his vehicle because there was no evidence that he either committed a traffic violation or was

otherwise impaired. Bearer maintained that the information police received from the identified citizen informant lacked sufficient detail to be reliable.[1] The matter proceeded to a hearing where Officer Christian Wertz of the Smithville Police Department was the only witness to testify on behalf of the State.

{¶8} After orally denying the motion at the close of the hearing, the trial court issued a journal entry where it set forth the following factual findings in support of its ruling. On January 24, 2021, Officer Wertz was on patrol when dispatch informed him of a tip about a suspected drunk driver from an identified citizen informant. The informant provided dispatch with his full name, his telephone number, and a description of his own vehicle.

{¶9} With respect to the suspected drunk driver, the informant provided a detailed description of the vehicle in question, stating that it was a black Ford 150 pickup truck with a bed cover. The informant followed the pickup truck and provided continual updates, noting the direction the subject vehicle was travelling as well as the crossroads it traversed. The informant observed multiple instances of erratic driving. The informant reported numerous lane violations over the course of the nearly nine-minute call and further conveyed that the pickup truck had passed another vehicle in a no passing zone by driving over double yellow lines. At the request of the dispatcher, the informant attempted to obtain the pickup truck's license plate number but was unable to do so. The phone call ended as the pickup truck approached Officer Wertz's cruiser, which was located in a stationary position in Smithville.

{¶10} Within five minutes from the time that the informant ended his 911 call, Officer Wertz was able to identify the vehicle, which was driven by Bearer. Officer Wertz initiated a

---

[1] In his written motion, Bearer also argued that the BAC Datamaster was not functioning properly at the time of the breathalyzer test but he withdrew this portion of his motion prior to the hearing.

traffic stop based on the typed information from dispatch which was updated in real time in his mobile data terminal as well as the additional details that were provided via radio transmissions. Officer Wertz followed Bearer for one mile prior to initiating the stop. Although Officer Wertz observed Bearer swerve slightly within his lane, Officer Wertz did not personally observe any traffic violations prior to initiating the stop.

{¶11} The trial court ultimately denied the motion to suppress on the basis that there were sufficient indicia of reliability surrounding the information provided by the identified citizen informant. The trial court noted that it considered a number of cases in rendering its ruling. Although Bearer argued that *State v. Maitland*, 9th Dist. Summit No. 25823, 2011-Ohio-6244, was controlling, the trial court found *Maitland* to be distinguishable and instead relied on the authority of *Maumee v. Weisner*, 87 Ohio St.3d 295 (1999) and *State v. Goins*, 9th Dist. Wayne No. 18AP0046, 2019-Ohio-3135.

Discussion

{¶12} On appeal, Bearer argues that the trial court erred in concluding that reasonable suspicion existed to justify an investigatory stop in this case. Bearer's central contention is that the credibility of the identified citizen informant was called into question when the officer followed Bearer for several minutes prior to initiating the traffic stop and did not observe any traffic violations. Bearer maintains that the trial court should have applied the precedent established by this Court in *Maitland* because the officer here relied solely on the information from the citizen informant and did not independently corroborate the allegations.

{¶13} The Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and Article I, Section 14 of the Ohio Constitution protect individuals from unreasonable searches and seizures. "To justify an investigative stop, an officer

must point to 'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'" *State v. Kordich*, 9th Dist. Medina No. 15CA0058-M, 2017-Ohio-234, ¶ 7, quoting *Weisner* at 299, quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968). "[W]here an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid * * *." *Dayton v. Erickson*, 76 Ohio St.3d 3, 11-12 (1996).

{¶14} In *Weisner*, the Ohio Supreme Court held that "[a] telephone tip can, by itself, create reasonable suspicion justifying an investigatory stop where the tip has sufficient indicia of reliability." *Weisner* at paragraph two of the syllabus. "Where an officer making an investigative stop relies solely upon a dispatch, the state must demonstrate at a suppression hearing that the facts precipitating the dispatch justified a reasonable suspicion of criminal activity." *Id.* at paragraph one of the syllabus.

{¶15} When the information that serves as a basis for an investigatory stop comes solely from an informant's tip, the determination of whether reasonable suspicion exists depends on the indicia of reliability surrounding the tip. *Id.* at 299. "[C]ourts have generally identified three classes of informants: the anonymous informant, the known informant (someone from the criminal world who has provided previous reliable tips), and the identified citizen informant." *Id.* at 300. "[A]n anonymous informant is comparatively unreliable and his tip, therefore, will generally require independent police corroboration." *Id.*, citing *Alabama v. White*, 496 U.S. 325, 329 (1990). The identified citizen informant is accorded a greater degree of reliability. *Weisner* at 300. Tips offered by identified citizen informants may be considered "highly reliable" without "a strong showing as to other indicia of reliability[.]" *Id.*

{¶16} The categorization of the informant is not outcome-determinative and instead is only one element of the totality of the circumstances analysis. *Weisner* at 302. "A non-exhaustive list of other considerations includes whether the tipster personally observed the crime being reported, whether the tipster identified himself or herself, whether the tipster used the 911 emergency system, whether the tip was about a past or presently occurring crime, whether the tip contained particularized details and predictive information, and any motivation the tipster may have had in conveying the tip." *State v. Tincher*, 9th Dist. Medina No. 21CA0060-M, 2022-Ohio-1701, ¶ 10.

{¶17} In this case, the trial court did not err in concluding that Officer Wertz had reasonable suspicion to conduct an investigatory stop. The information Officer Wertz received from dispatch was provided by an identified citizen informant who gave his full name, his phone number, as well as a description of his own vehicle. In addition to providing updates about the location of Bearer's vehicle, the identified citizen informant specifically identified several marked lane violations and noted that at one point Bearer had crossed double yellow lines to pass another vehicle. The identified citizen informant observed the traffic violations himself and followed Bearer while providing continual updates to the dispatcher. The identified citizen informant hung up only after the dispatcher told him that he no longer needed to follow Bearer. As noted above, an informant's tip can by itself create reasonable suspicion justifying an investigatory stop where the tip has sufficient indicia of reliability. *Weisner* at 299. Given the indicia of reliability surrounding the tip from the identified citizen informant here, we are not persuaded by Bearer's argument that Officer Wertz's failure to personally observe a traffic violation undermined the reliability of the tip.

{¶18} Furthermore, Bearer's reliance on *Maitland* is misguided as the facts of that case are distinguishable from the case at bar. *Maitland* involved an anonymous caller who phoned police to report an erratic driver that the caller allegedly had followed across county lines. *Maitland*, 2011-Ohio-6244, at ¶ 1. The defendant drove into a McDonald's parking lot and pulled into a spot. *Id.* Based on the vehicle description provided from the anonymous caller, a police officer identified the vehicle and pulled his cruiser closely behind the vehicle. *Id.* The police officer effected a seizure just as the defendant attempted to exit the vehicle. *Maitland* at ¶ 1, 6. In concluding that the officer did not have reasonable suspicion to conduct an investigatory stop, this Court determined that the State presented no evidence demonstrating that the anonymous tipster's allegations of erratic driving were reliable. *Id.* at ¶ 10 ("The fact that the caller was able to provide the description and license plate of a car in the McDonald's parking lot is not material regarding the reliability of the caller's erratic driving accusation."). Unlike *Maitland*, this case involved an identified citizen informant who reported the traffic violations as they were occurring and got off the line only when told that he was no longer needed.

{¶19} Bearer's assignment of error is overruled.

III.

{¶20} Bearer's assignment of error is overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

CALLAHAN, J.
SUTTON, J.
CONCUR.

APPEARANCES:

DAVID C. KNOWLTON, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and DAVID FOLK, Assistant Prosecuting Attorney, for Appellee.